UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

     Plaintiff,

v.                                CASE NO: 6:17-cr-187-Orl-37TBS

STEPHANIE LUNDE

     Defendant.

_____

<u>ORDER</u>

     This case comes before the Court without oral argument on Defendant's

Unopposed Motion for Leave to File Exhibits under Seal (Doc. 174). Defendant Stephanie

Lunde intends to file, in support of her motion to dismiss or suppress, copies of reports of

witness interviews (<u>Id.</u>, ¶¶ 3-4). The government asserts that the reports contain sensitive

investigative information and therefore, it has asked Defendant to file the reports under

seal (<u>Id.</u>, ¶ 5).

     "The filing of documents under seal is disfavored by the Court." <u>Graphic Packaging</u>

<u>Int'l, Inc. v. C.W. Zumbiel Co.</u>, No. 3:10-cv-891-J-JBT, 2010 WL 6790538, at *1 (M.D. Fla.

Oct. 28, 2010). While the parties to a lawsuit "have protectable privacy interests in

confidential information disclosed through discovery," once the information becomes a

judicial record or public document, the public has a common-law right to inspect and copy

the information. <u>In re Alexander Grant & Co. Litig.</u>, 820 F.2d 352, 355 (11th Cir. 1987).

"Once a matter is brought before a court for resolution, it is no longer solely the parties'

case, but also the public's case." <u>Brown v. Advantage Eng'g, Inc.</u>, 960 F.2d 1013, (11th

Cir. 1992); <u>Patent Asset Licensing, LLC v. Wideopenwest Fin., LLC</u>, No. 3:15-cv-743-J-

32MCR, 2016 WL 2991058, at *1 (M.D. Fla. May 24, 2016). "[I]t is the rights of the public,

an absent third party, which are preserved by prohibiting closure of public records, unless unusual circumstances exist." Wilson v. Am. Motors Corp., 759 F.2d 1568, 1570 (11th Cir. 1985).

"Material filed in connection with any substantive pretrial motion, unrelated to discovery, is subject to the common law right of access." Romero v. Drummond Co., Inc., 480 F.3d 1234, 1245 (11th Cir. 2007). "A substantive pretrial motion is '[a] motion that is presented to the court to invoke its powers or affect its decisions, whether or not characterized as dispositive, [and it] is subject to the public right of access." Id. at 1246 (quotation marks and citation omitted).

"The judge is the primary representative of the public interest in the judicial process and is duty-bound therefore to review any request to seal the record (or part of it). He may not rubber stamp a stipulation to seal the record." Estate of Martin Luther King, Jr., Inc. v. CBS, Inc., 184 F. Supp. 2d 1353, 1363 (N.D. Ga. Feb. 15, 2002) (quoting Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co., 178 F.3d 943, 945 (7th Cir. 1999)). "The right to inspect and copy is not absolute, however, and a judge's exercise of discretion in deciding whether to release judicial records should be informed by a sensitive appreciation of the circumstances that led to the production of the particular document in question." Chemence Med. Prods., Inc. v. Medline Indus., No. 1:13-CV-500-TWT, 2015 WL 149984, at *1 (N.D. Ga. Jan. 12, 2015).

The public's right of access may be overcome by a showing of "good cause" sufficient for the granting of a protective order pursuant to FED. R. CIV. P. 26(c) ("The court may, for good cause, issue an order to protect a party or person form annoyance, embarrassment, oppression, or undue burden or expense …"). "'Good cause' is a well established legal phrase. Although difficult to define in absolute terms, it generally

signifies a sound basis or legitimate need to take judicial action." In re Alexander Grant, 820 F.2d at 356.

The Eleventh Circuit has "superimposed a somewhat more demanding balancing or interests approach to the" good cause requirement in Rule 26(c). Farnsworth v. Procter & Gamble Co., 758 F.2d 1545, 1547 (11th Cir. 1985). This means that before making its decision, the court has a duty to balance the public's right of access against the party's interest in confidentiality. "In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other facts, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." Romero, 480 F.3d at 1246 (citation omitted).

The Court finds that the government's desire to protect sensitive investigative information outweighs the public's right of access. Accordingly, good cause having been shown, the motion is **GRANTED**. Defendant Stephanie Lunde shall file the reports of witness interviews conducted by the government **UNDER SEAL**. The reports shall remain under seal until further order of the Court.

**DONE** and **ORDERED** in Orlando, Florida on October 23, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Stephanie Lunde